```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Kamal Karna Roy,                :
        Plaintiff,              :
                                :
        v.                      :       File No. 1:09-CV-241
                                :
United States of America,       :
Judicial System,                :
        Defendants.             :

                        OPINION AND ORDER
                            (Paper 1)

Plaintiff Kamal Karna Roy, proceeding *pro se*, seeks to file a complaint in this Court. Although it is not clear from the complaint who is being sued, one defendant appears to the United States judicial system for failing to work "for good for poor people." (Paper 1-5 at 7).

Pending before the Court is Roy's motion to proceed *in forma pauperis*. Because Roy's allegations of poverty satisfy the statutory requirements, his motion (Paper 1) is GRANTED. However, for reasons set forth more fully below, it is clear that the case must be DISMISSED as frivolous.

When a court reviews an application to proceed *in forma pauperis*, 28 U.S.C. § 1915 mandates that it conduct an initial screening to ensure that the complaint has a legal basis. See 28 U.S.C. § 1915(e)(2). A court must dismiss the complaint *sua sponte* if it determines that the allegations of poverty are untrue or if the action is frivolous or malicious, fails

1

to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The complaint in this case, including exhibits, is 60 pages in length.  With the exception of the exhibits, it is largely unintelligible.  There are references to President Obama winning the Nobel Peace Prize and, as noted above, to a generalized failing by the judicial system.  Roy has also attached filings submitted in other jurisdictions, each of which is equally unintelligible.

This sort of filing is apparently not unusual for this plaintiff.  In one recent case in the Eastern District of Michigan, the Court found that Roy's

> submission is comprised of multiple pages containing illegible hand-written notations scrawled across them.  Even where the Court is able to read Plaintiff's ramblings, it is unable able to identify a comprehensible sentence, let alone a "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ." or "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," as required under Rule 8 of the Federal Rules of Civil Procedure.  The Court is not even certain who Plaintiff intends to sue in this case, as his submission does not contain a traditional caption.  The Court has only discerned that he is suing the United States because his application to proceed *in forma pauperis* lists "USA Govt et al."

<u>Roy v. U.S. Government</u>, 2009 WL 1449090, at *1 (E.D. Mich. May 21, 2009).  With the exception of the named defendant, these observations would apply equally to Roy's current filings.

The Michigan federal court went on to find that Roy's filing was malicious in light of the fact that he had filed at least 90 prior federal lawsuits. Id. "Many of these previous lawsuits have been dismissed as frivolous by the courts in which they were filed." Id.; see also Roy v. 2 Democratic Senators of NYS, 2009 WL 2905486, at *4 (N.D.N.Y. Sept. 9, 2009) (concluding that, when considering cases Roy has brought under other names, he "appears to have filed some 160 other *pro se* civil rights suits in federal courts across the country").

If a complaint is "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," a district court may dismiss the case. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Furthermore, leave to amend need not be granted where it clear that any effort to do so would be futile. See Hom Sui Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002). Because this is such a case, and in light of the plaintiff's clear pattern of filing frivolous suits in federal courts, the Court cannot allow this action to proceed.

Accordingly, the plaintiff's motion for leave to proceed *in forma pauperis* (Paper 1) is GRANTED, but this case is DISMISSED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of November, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
Senior United States District Judge